

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| AFFINITY LABS OF TEXAS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:08-cv-164 |
| | § | |
| | § | JUDGE RON CLARK |
| BMW NORTH AMERICA LLC ET AL, | § | |
| | § | |
| *Defendants.* | § | |

# SCHEDULING ORDER
(Patent Cases)

The Court, after considering the joint attorney conference report and after reviewing the case file, enters this case specific order which controls disposition of this action pending further order of the Court. The following actions shall be completed by the date indicated.[1]

### DEADLINES

**February 2, 2009**          P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions (and P.R. 3-2 document production) to be served.

**March 20, 2009**           P.R. 3-3 Invalidity Contentions (and P.R. 3-4 document productions) to be served.

**April 1, 2009**                Deadline for motions to transfer.

---

[1]If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Fed. R. Civ. P. 6, the effective date is the first federal court business day following the deadline imposed. If delivery of a document or other item is required, and counsel chooses to mail the same, it shall be deposited, properly addressed and postage pre-paid, in a mailbox or at a post office, at least three (3) days before the indicated deadline, on a day mail is scheduled to be picked up by the postal service at that location, and at a time before the last scheduled pickup.

Scheduling Order (Patent Cases) Rev. 10/11/07

| | |
|---|---|
| **April 29, 2009** | Join additional parties. |
| **May 13, 2009** | Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| **June 8, 2009** | Parties to exchange proposed terms for construction and identify any claim element governed by 35 U.S.C. § 112, ¶ 6 (P.R. 4-1). |
| **June 22, 2009** | Parties to exchange preliminary proposed claim construction and extrinsic evidence supporting same (P.R. 4-2). |
| **June 24, 2009** | Parties' Final Amended Pleadings **(It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit).** |
| **July 8, 2009** | Counsel for both parties will meet face to face in order to discuss any Preliminary Claim Constructions and Extrinsic Evidence. |
| **July 15, 2009** | Joint Claim Construction and Pre-hearing Statement to be filed (P.R. 4-3). Provide an estimate of how many pages are needed to brief the disputed claims. |
| **July 15, 2009** | Respond to Amended Pleadings |
| **August 14, 2009** | Completion date for discovery on claim construction (P.R. 4-4). |
| **August 27, 2009** | Opening claim construction brief by Plaintiff (P.R. 4-5(a)). |
| **September 10, 2009** | Responsive claim construction brief by Defendants (P.R. 4-5(b)). |
| **September 17, 2009** | Reply claim construction brief by Plaintiff (P.R. 4-5(c)). |
| **September 17, 2009** | Submit technology synopsis (both hard copy and disk). |

| | |
|---|---|
| **October 1, 2009** | Parties to file joint claim construction and chart (P.R. 4-5(d)). Parties shall work together to agree on as many claim terms as possible. |
| **October 9, 2009** | Possible tutorial at 10:00 a.m. |
| **October 13, 2009** | **Claim construction hearing at 9:00 a.m. in Beaumont.** |
| **November 19, 2009** | Provide Initial Mandatory Disclosures of information directed solely to damages.<br>Deadline for Initial Mandatory Disclosure of all persons, documents, data compilations and tangible things, which are relevant to a claim or defense of any party and which has not previously been disclosed. This deadline is not an extension of earlier deadlines set out in this court's order or the Patent Rules, nor an excuse to delay disclosure of information. It is a "catchall" deadline for provision of all remaining information which may be relevant to a claim or defense of any party at trial. |
| **November 19, 2009** | Comply with P.R. 3-7. (Designation of Wilfulness Opinions). |
| **December 3, 2009** | Fact Discovery deadline. All fact discovery must be served in time to be completed by this date. |
| **December 17, 2009** | Parties with burden of proof to designate Expert Witnesses other than claims construction experts and provide their expert witness reports, to include for ALL experts all information set out in Rule 26(2)(B). |
| **December 31, 2009** | Parties to Designate Expert Witnesses on issues for which the parties do not bear the burden of proof, and provide their expert witness report, to include for ALL experts all information set out in Rule 26(2)(B). |
| **February 4, 2010** | Expert discovery deadline. All expert discovery must be served in time to be completed by this date. |
| **April 1, 2010** | File Dispositive Motions and any other motions that may |

|  |  |
|---|---|
|  | require a hearing. Regardless of how many dispositive motions a party files, each party is limited to a total of sixty pages for such motions. Each individual motion shall comply with Local Rule CV-7.<br>**Responses to motions shall be due in accordance with Local Rule CV-7(e).**<br>**Note: Objections to any expert, including *Daubert* motions, shall be filed within 4 weeks after the expert's Report has been disclosed. Such objections and motions are limited to ten pages each.** |
| **September 10, 2010** | Notice of intent to offer certified records |
| **September 10, 2010** | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (*See* Local Rule CV-16(b) and Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases). |
| **September 17, 2010** | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which can not be resolved shall be presented to the court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties designations and the court's rulings on objections |
| **September 24, 2010** | Motions in limine due<br>File Joint Final Pretrial Order. See Local Rules Appendix D (Obtain form for Exhibit List from District Clerk's Office, or create an Exhibit List form that mirrors the District Clerk's form). Exchange Exhibits and deliver copies to the court. At this date, all that is required to be submitted to the court is a hyperlinked exhibit list on disk (2 copies) and no hard copies. |

**October 1, 2010**          Response to motions in limine due.[2]
File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[3] (This does not extend the deadline to object to expert witnesses). If numerous objections are filed the court may set a hearing prior to docket call.
File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law).

**October 15, 2010**          Docket call and Final Pretrial at 9:00 a.m.
Date parties should be prepared to try case. Provide court with two copies of most updated Exhibit list. Absent agreement of the parties, this should not have exhibits which were not listed in the Final Pre-Trial Order, but may have some deletions depending on rulings on objections. At this date, the parties should be prepared to give the Deputy Clerk one hard copy of the exhibits.

**October 18, 2010**          10:30 a.m. Jury Selection and Trial. Case will then be tried in order with other cases on the docket. (Depending on disposition of other cases on court's docket, the bench trial may be the following week.). About a month before docket call, counsel may wish to consult with counsel for the other cases on the October docket to determine whether their cases are likely to settle.

---

[2] This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. But, if there is particularly difficult or novel issue, the Court needs some time to review the matter. To save time and space, respond only to items objected to. All others will be considered to be agreed. Opposing counsel **shall meet and confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response. The parties shall notify the court of all the issues which are resolved.

[3] Within five calendar days after the filing of any objections, opposing counsel **shall meet and confer** to determine whether objections can be resolved without a court ruling. The parties shall notify the court of all issues which are resolved. The court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.

Scheduling Order (Patent Cases) Rev. 10/11/07     5

The court's modifications to P.R. 3-1 and P.R. 3-3 are set out below:

**P.R. 3-1(g):** If a party claiming patent infringement asserts that a claim element is a software limitation, the party needs only to identify the elements as a software limitation in its initial compliance with P.R. 3-1, but does not need to identify where such limitation is met in the Accused Instrumentality. At the latest, the party opposing a claim of patent infringement shall produce source code within 30 days of the initial P.R. 3-1 disclosures. After receipt of the source code for the Accused Instrumentality, the party is permitted 30 days to supplement P.R. 3-1 disclosure to identify, with specificity, the source code of the Accused Instrumentality that allegedly satisfies the software claim elements. The party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements. This is not an invitation for the party opposing a claim of patent infringement to delay in producing source code. P.R. 3-1(g)does not allow Plaintiff the opportunity to modify or amend any non-software claim contentions.

**P.R. 3-3(e):**If a party claiming patent infringement exercises the provisions of P.R. 3-1(g), the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

### SCOPE OF DISCOVERY

<u>Modification</u>. Taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, the Court modifies the parameters of discovery in the following respects. *See* Fed. R. Civ. P. 26(b)(2)(iii).

<u>Case specific disclosure</u>. The parties shall disclose the information required by the Order Governing Proceedings, the Patent Rules of this court, and this Scheduling Order. All discovery (including interrogatory responses, documents, and deposition testimony) provided in any one of the three actions filed by Plaintiff – Case Nos. 9:08-cv-163; 9:08-cv-164; and 9:08-cv-171 – may be used by any party to the other two actions.

A party that fails to timely disclose such information is not, unless such failure is harmless, permitted to use such evidence at trial, hearing or in support of a motion. In addition to or in lieu of such sanction, the Court may impose other appropriate sanctions, including the payment of reasonable expenses and attorney's fees.

Depositions.  Given the extensive disclosures required without a request from opposing party, absent further order of this court, discovery with respect to the patent issues is limited to the disclosures required by this court's orders and the Patent Rules, together with 10 common interrogatories and 10 additional specific interrogatories per Defendant.; 45 requests for admissions per side (with 50 requests per side for the purpose of document authentication); and 30 requests for production per side.  "Side" means a party or a group of parties with a common interest.  Unless otherwise defined, a "Defendant" means all parties with the same parent company. Absent court order, all depositions shall be taken in compliance with Fed. R. Civ. P. 30(d) and Local Rule CV-30.  Plaintiff shall have up to 14 hours of fact depositions per Defendant in a case.  In the event a Defendant designates more than one person in response to a Rule 30(b)(6) notice, this hour limit would increase by 2 hours per additional witness.  Each Defendant will have up to 14 hours for depositions.  No single fact witness shall be required to sit for more than a total of 14 hours of testimony across all three cases, absent other agreement by the parties.  If the parties cannot reach agreement on additional deposition time after a Plaintiff fact witness has been deposed for 14 hours, they will submit the issue for court resolution.  For expert witnesses, Plaintiff, and the Defendants collectively, may take up to seven (7) hours of deposition testimony for each expert identified by the opposing party who submits an expert report.  If the expert provides non-identical opinions with respect to different Defendants, Plaintiff, and Defendants collectively, may take an additional 3.5 hours per additional non-identical opinion.  Absent agreement of the parties or order of this court, no deposition shall last longer than seven (7) hours. Reasonable breaks for lunch and otherwise will not count toward the hour limit of Rule 30(d)(2).

Electronic Discovery.  The parties agree to produce information electronically, and that all English-language documents must be exchanged on discs or other digital storage medium in a form that is electronically searchable.  The producing party must preserve the integrity of the electronic documents' contents (i.e., the original formatting of the document, its metadata and, where applicable, its revision history).  After initial production of an electronic file format is complete, a party must demonstrate a particularized need for production of electronic documents in their native form.

The parties agree that no party shall be obligated to search for or produce e-mails, voicemails, instant messages, or cell phone text messages either in response to discovery requests in this case or as would otherwise be required under Rule 26.  If a party believes that a particular category of e-mails, voicemails, instant messages, or cell phone text messages of an adverse producing party may include relevant and discoverable information not available by other means, a party may request that such material be searched for by the adverse, producing party.  The requesting party and the producing party will negotiate in good faith regarding the requesting party's need for such production and the best manner of obtaining the particular information, whether by keyword searches or otherwise. If an agreement cannot be reached either party may ask the court for relief.

After receiving requests for document production, the parties shall search their documents, other than electronic documents that are not readily accessible, and produce responsive electronic documents in accordance with Fed. R. Civ. P. 26(b)(2). The parties will work cooperatively on addressing any subsequent requests for information expected to be found in electronic information not readily accessible.

The parties agree that, except as necessary to comply with P.R. 3-7, the parties are not required to include on their privilege logs any protected documents or information that came into existence after the date of the filing of the Complaint. The parties further agree that Plaintiff is not required to include on its privilege log any work product communications between Plaintiff and its counsel of record (the Duane Morris law firm) that came into existence after January 29, 2008 (the date the '833 patent issued).

The parties are excused from the pretrial disclosure requirements set forth in Federal Rule of Civil Procedure 26(a)(3)as such disclosure is cumulative of this Court's pre-trial order procedures.

## COMPLIANCE

A party is not excused from the requirements of this scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure or because another party has failed to comply with this order or the rules.

## TRIAL

Jurors are performing a public service, which is usually inconvenient to them, and may be at great personal expense. Once the jury is seated, every effort will be made to present the case professionally, efficiently, and without interruption. The deadlines for pre-trial matters, such as exchanging exhibits, and objections, are intended to reduce the need for trial objections, side-bar conferences, and repetitive presentation of evidentiary predicates for clearly admissible evidence. Counsel should be familiar with the evidence display system available in the courtroom. Copies of exhibits which will be handed to witnesses should be placed in a three ring binder, with an additional copy for the court.

Counsel are responsible for informing their clients and witnesses about courtroom dress requirements and protocol, such as silencing pagers and phones, and not chewing gum, reading newspapers, or eating.

## OTHER MATTERS

1. Please note the amendments to the Local Rules regarding motion practice. These supersede Appendix B of the Order Governing Proceedings. If a document filed electronically exceeds five

pages in length, including attachments, a paper copy of the filed document must be sent contemporaneously to Judge Clark's chambers in Beaumont.  *See* Local Rule CV-5(a)(9). Courtesy copies over twenty pages should long be bound to the left.

2. If the parties agree they want to mediate, they should notify the court if assistance is needed in selecting a mediator.

3.  Any reply or sur-reply must be filed in accordance with Proposed Local Rule CV-6 and Local Rule CV-7(f).  The parties are reminded that "[t]he court need **not** wait for the reply or sur-reply before ruling on the motion."  Local Rule CV-7(f) (emphasis added).

        So **ORDERED** and **SIGNED** this **26** day of **March, 2009.**

_____
Ron Clark, United States District Judge