IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| AFFINITY LABS OF TEXAS, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>BMW NORTH AMERICA, LLC, *et al.*,<br><br>      Defendants. | Case No. 9:08-cv-00164-RC<br><br>JURY TRIAL DEMANDED |

## JOINT STIPULATION AS TO CERTAIN CLAIMS AND DEFENSES

Having resolved and mutually agreed upon the following with respect to certain claims and defenses regarding U.S. Patent Nos. 7,324,833 and 7,634,228 (collectively, "the patents-in-suit") asserted in the above-captioned action, plaintiff Affinity Labs of Texas, LLC ("Affinity"), defendant Volkswagen Group of America, Inc. ("VWGoA"), and defendants Hyundai Motor America, Hyundai Motor Manufacturing Alabama, LLC, and Kia Motors America, Inc. ("Hyundai-Kia"), by and through their undersigned counsel, hereby consent and stipulate as follows:

1.    Affinity stipulates to dismissal with prejudice of its claim that VWGoA has <u>willfully</u> infringed the patents-in-suit.

2.    Affinity stipulates to dismissal with prejudice of its claims that Hyundai-Kia have <u>willfully</u> infringed the patents-in-suit.

3.    Affinity withdraws its request for enhanced damages under 35 U.S.C. § 284 relating to its allegations of willful infringement against VWGoA and Hyundai-Kia and its

request for an award of attorneys' fees related to VWGoA's unenforceability defenses and counterclaims.

4. VWGoA stipulates to dismissal with prejudice of its defenses and counterclaims that the patents-in-suit are unenforceable (which VWGoA alleged under the doctrines of inequitable conduct, prosecution laches, and unclean hands).

5. Hyundai-Kia stipulate to dismissal with prejudice of their defense and counterclaim that U.S. Patent No. 7,634,228 is unenforceable under the doctrine of inequitable conduct.

6. Affinity agrees not to make any reference at trial to the "presumption of validity" of the patents-in-suit provided for by 35 U.S.C. § 282. Affinity is permitted to argue that prior art was presented to the Patent Office, or cited by the Patent Office, during the original prosecution of the patents-in-suit. *See* D.I. 456 at 6-7; D.I. 459 at 7-11.

7. VWGoA agrees not to make any reference at trial to the pending reexaminations of the patents-in-suit before the U.S. Patent and Trademark Office ("USPTO"). *See* D.I. 461 at 11-12. Nothing herein shall preclude or restrict VWGoA's involvement in the reexaminations of the patents-in-suit before the USPTO.

8. Affinity agrees not to make any reference at trial to the pending reexaminations of the patents-in-suit before the USPTO.

9. Hyundai-Kia agree not to make any reference at trial to the pending reexaminations of the patents-in-suit before the USPTO. *See* D.I. 461 at 11-12.

10. VWGoA agrees not to make any reference at trial to the general workload or quality of the USPTO or argue that the USPTO "did not do its job" with respect to the patents-in-suit. *See* D.I. 461 at 10. Nothing herein shall preclude or restrict VWGoA from explaining the *ex parte* nature of the patent process before the PTO (e.g., telling the jury that the PTO never got to

hear VWGoA's side of the story before deciding to issue the patents) or presenting at trial criticism of the USPTO's conclusions in the examination of the specific applications underlying the patents-in-suit in this case or criticism of the specific decisions of the examiners who examined those applications.

11. Hyundai-Kia agree not to make any reference at trial to the general workload or quality of the USPTO or argue that the USPTO "did not do its job" with respect to the patents-in-suit.  *See* D.I. 461 at 10.  Nothing herein shall preclude or restrict Hyundai-Kia from explaining the *ex parte* nature of the patent process before the PTO (e.g., telling the jury that the PTO never got to hear Hyundai/Kia's side of the story before deciding to issue the patents) or presenting at trial criticism of the USPTO's conclusions in the examination of the specific applications underlying the patents-in-suit in this case or criticism of the specific decisions of the examiners who examined those applications.

12. Affinity agrees not to make any reference at trial to the workload or quality of the USPTO.

Affinity, VWGoA and Hyundai-Kia respectfully request that the Court accordingly enter this stipulation as agreed upon by the parties.


Dated:  October 14, 2010

s/ *Matthew C. Gaudet w/permission*
Matthew C. Gaudet
(*pro hac vice* application submitted)
Duane Morris LLP
1180 West Peachtree Street, Suite 700
Atlanta, GA 30309
404-253-6900
Fax: 404-253-6901

ATTORNEYS FOR PLAINTIFF
AFFINITY LABS OF TEXAS, LLC

Dated:  October 14, 2010

s/ *Deron R. Dacus*
Deron R. Dacus
Texas State Bar No. 00790553
RAMEY & FLOCK, P.C.
100 East Ferguson, Suite 500
Tyler, TX 75702
Tel.: (903) 597-3301
Fax: (903) 597-2413
derond@rameyflock.com

Michael J. Lennon
Mark A. Hannemann
Georg C. Reitboeck
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007
Tel.: (212) 425-7200
Fax: (212) 425-5288

Susan A. Smith
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005-1257
Tel.: (202) 220-4200
Fax.: (202) 220-4201

Elizabeth S. Tse
KENYON & KENYON LLP
333 W. San Carlos Street, Suite 600
San Jose, CA 95110-2731
Tel.: (408) 975-7500
Fax: (408) 975-7501

ATTORNEYS FOR DEFENDANT
VOLKSWAGEN GROUP OF AMERICA, INC.

Dated: October 14, 2010

s/ *Jin-Suk Park w/permission*
Jin-Suk Park
Amanda R. Johnson
AKIN GUMP STRAUSS HAUER & FELD, LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

ATTORNEYS FOR DEFENDANTS
HYUNDAI MOTOR AMERICA, HYUNDAI
MOTOR MANUFACTURING ALABAMA, LLC,
and KIA MOTORS AMERICA, INC.

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 14, 2010, a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore the document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

*/s/Deron R. Dacus*
Deron R. Dacus