IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| AFFINITY LABS OF TEXAS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION No. 9:08CV164 |
| v. | § | |
| | § | |
| BMW NORTH AMERICA, LLC, ET AL., | § | JUDGE RON CLARK |
| | § | |
| *Defendants.* | § | |
| | § | |

## FINAL JUDGMENT

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, and in accordance with the

jury verdict delivered on October 28, 2010 [Doc. #520]:

It is hereby **ORDERED** that Plaintiff Affinity Labs of Texas, LLC shall recover of and

from Defendant Volkswagen Group of America, Inc.:

1.    Ten Million One Hundred Forty-nine Thousand Nine Hundred Ninety-three
      Dollars ($10,149,993) in damages found by the jury for infringement; together
      with

2.    Pre-judgment interest from June 1, 2008 through April 12, 2011 in the amount of
      One Million Seventy-four Thousand One Hundred Thirty-nine Dollars
      ($1,074,139); plus

3.    Costs of court; and

4.    Post-judgment interest on the entire sum calculated pursuant to 28 U.S.C. § 1961
      at the rate of 0.27%;

for all of which let execution issue if not timely paid.

1

It is further **ORDERED** that Plaintiff Affinity Labs of Texas, LLC shall recover of and from Defendants Hyundai Motor America, Inc. and Hyundai Motor Manufacturing Alabama LLC jointly and severally:

1.  Two Million Four Hundred Thirty Thousand Sixty-five Dollars ($2,430,065) in damages found by the jury for infringement; together with

2.  Pre-judgment interest from January 29, 2008 through April 12, 2011 in the amount of One Hundred Three Thousand Four Hundred Seventy Dollars ($103,470); plus

3.  Costs of court; and

4.  Post-judgment interest on the entire sum calculated pursuant to 28 U.S.C. § 1961 at the rate of 0.27%;

for all of which let execution issue if not timely paid.

It is further **ORDERED** that Plaintiff Affinity Labs of Texas, LLC shall recover of and from Defendant Kia Motors America, Inc.:

1.  Four Hundred Six Thousand Four Hundred Seventy-two Dollars ($406,472) in damages found by the jury for infringement; together with

2.  Pre-judgment interest from January 29, 2008 through April 12, 2011 in the amount of Fifteen Thousand Five Hundred Twenty-one Dollars ($15,521); plus

3.  Costs of court; and

4.  Post-judgment interest on the entire sum calculated pursuant to 28 U.S.C. § 1961 at the rate of 0.27%;

for all of which let execution issue if not timely paid.

It is further **ORDERED** that, for the reasons stated in this court's Memorandum Opinion and Order Re: Damages for Post-Judgment Sales of Infringing Products [Doc. #550], signed on March 28, 2011, Defendants Hyundai Motor America, Inc., Hyundai Motor Manufacturing Alabama LLC, and Kia Motors America, Inc. shall pay Plaintiff Affinity Labs of Texas, LLC an

ongoing royalty in the amount of Fourteen Dollars and Fifty Cents ($14.50) per infringing vehicle sold after the entry of this Final Judgment for which there is a corresponding sale of a Hyundai/Kia iPod cable. Royalties shall be paid quarterly and shall be accompanied by an accounting of the sales of infringing vehicles and cables. Plaintiff shall have the right to request audits. Payments shall begin three months after the date of this Final Judgment and shall be made quarterly thereafter. Payments not made within fourteen days of the due date shall accrue interest at the prime rate compounded quarterly. The terms of this ongoing royalty shall remain in effect until the earlier of (a) the expiration of the patents-in-suit or (b) the parties agree to some other arrangement. The court retains jurisdiction to enforce this portion of the Final Judgment.

It is further **ORDERED** that for the period of time between the date of the jury's verdict and entry of this Final Judgment, Defendants Hyundai Motor America, Inc., Hyundai Motor Manufacturing Alabama LLC, and Kia Motors America, Inc. shall pay Plaintiff Affinity Labs of Texas, LLC a royalty in the amount of Eleven Dollars ($11) per infringing vehicle sold for which there is a corresponding sale of a Hyundai/Kia iPod cable. The court finds this to be fair and reasonable in light of the parties' agreement that the jury's past damages award equates to a royalty rate of $11 per vehicle sold with a corresponding cable sale. It would be unfair to retroactively apply the enhanced ongoing royalty amount to the period during which the parties' post-trial motions and motions for judgment as a matter of law were still pending, as Defendants' culpability for willful infringement is low during that time. Payment for these interim sales shall be accompanied by an accounting of the sales of infringing vehicles and cables made during the period of time between the date of the jury's verdict and entry of this Final Judgment, and shall be made concurrently with the first ongoing royalty payment.

3

It is further **ORDERED** that all relief not specifically granted herein is **DENIED**. All pending motions not previously ruled on are **DENIED**. This is a final judgment and is appealable.

So **ORDERED** and **SIGNED** this **12** day of **April, 2011.**

_____
Ron Clark, United States District Judge